OPINION
Appellants Van's Photo and Video Warehouse, Inc., and Michael J. Vanckunas appeal a summary judgment of the Stark County Common Pleas Court awarding appellee Robert Anderson $12,500 in unpaid bonuses, and $37.57 for business expenses on a complaint for breach of an employment contract:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT'S JUDGMENT ENTRY OF NOVEMBER 24, 1997 IS CONTRARY TO LAW.
 II. THE TRIAL COURT'S NOVEMBER 24, 1997 JUDGMENT ENTRY SUA SPONTE RAISED ISSUES NOT PROPERLY BEFORE THE COURT WHICH RESULTED IN A MISTAKE OF LAW, IS AN ABUSE OF DISCRETION, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND DENIED THE DEFENDANT-APPELLANT DUE PROCESS.
 III. THE COURT BELOW ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO ADHERE TO ESTABLISHED PRINCIPLES FOR DETERMINING THE RIGHTS AND OBLIGATIONS OF PARTIES TO CONTRACTS.
 IV. THE TRIAL COURT'S DECEMBER 29, 1997 JUDGMENT ENTRY DENYING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT IS AN ABUSE OF DISCRETION, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW.
On April 1, 1996, appellants entered into an employment agreement with appellee. The term of employment was for one year, with termination of the agreement upon thirty days written notice. The agreement provided for two annual bonuses:
 (b) Bonus. In addition to the Base Salary herein provided, the Corporation may pay the Employee two (2) separate annual incentive bonuses with respect to any full year term of the Term of Employment hereunder. The declaration and amount of such bonus would be determined as follows:
 (1) In the event the Corporation's total gross sales volume for photo finishing sales, for all Corporation stores which are open for the full year prior to the year for which the bonus in [sic] being determined and which are open for the full year for which the bonus is being determined, shall increase from the year prior to the year for which the bonus is being determined to the year for which the bonus is being determined, then the Employee shall receive a bonus in the amount of Six Thousand Two Hundred Fifty Dollars ($6,250). Said bonus shall be payable within thirty (30) days from the date of the final determination that there has been such an increase and shall be paid net of all applicable taxes.
 (ii) In the event the Corporation's total gross sales volume for all sales and services, for all Corporation stores except Belden Village Store, which are open for the full year prior to the year for which the bonus in [sic] being determined and which are open for the full year for which the bonus is being determined, shall increase from the year prior to the year for which the bonus is determined, then the Employee shall receive a bonus in the amount of Six Thousand Two Hundred Fifty Dollars ($6,250). Said bonus shall be payable within thirty (30) days from the date of the final determination that there has been such an increase and shall be paid net of all applicable taxes.
Employment Agreement, para. 4(b).
Additionally, appellants agreed to reimburse appellee for business expenses, including his cellular phone.
On March 31, 1997, appellants gave appellee a notice of termination in the event that another employment agreement could not be reached. No such agreement was reached between the parties, and appellee's last day of employment was April 29, 1997.
Appellee filed the instant case seeking payment of the two bonuses, and reimbursement of his cellular phone and business expenses. Both parties moved for summary judgment. Appellants claimed that by paying appellee a gross bonus of $6,250 for the increase in sales for photo finishing, they had paid the only bonus to which appellee was entitled. Appellants claimed that appellee did not earn the remaining bonus of $6,250, for increase in gross sales volume for all sales and services. Appellee claimed that pursuant to the terms of the contract, he was entitled to $12,500.
The court found that the contract clear and unambiguously awarded the bonus in the amount of $6,250 net of all applicable taxes. The court found that as to the first bonus, appellants improperly tendered a gross amount of $6,250, without any deduction for taxes. The court further found that there were no disputed facts as to appellee's entitlement to the bonus for gross sales volume increase. The court accordingly awarded appellee $37.57 for business expenses, the net amount of $6,250 for the first bonus, and the net amount of $6,250 for the second bonus.
Pursuant to Civ.R. 60(B), appellants moved for relief from judgment. Appellants argued that the trial court improperly determined that the amount of the bonus was $6,250 net, rather than $6,250 gross, as the issue was not before the court on summary judgment. Appellants claimed that there were disputed facts concerning whether the amount was to be paid net or gross. The court overruled the motion for relief from judgment. Appellants appealed both the summary judgment and the judgment denying their motion for relief from judgment. The appeals are consolidated before this court.
 I. II.
Appellants argue that the court erred in deciding that the bonuses were to be paid in the amount of $6,250 net, rather than $6,250 gross, as the issue was not before the court. This claim is without merit. In his motion for summary judgment, appellee requested payment of a bonus of $12,500, net of taxes. In their memorandum contra to appellee's motion for summary judgment, and their own motion for summary judgment, appellants claim that they had properly paid a gross amount of $6,250, resulting in a net payment of $3,480.44, for the bonus earned for increase in photo finishing sales. The issue was properly before the court on summary judgment.
The first and second Assignments of Error are overruled.
 III.
Appellants argue that the court's interpretation of the contract was contrary to the plain and unambiguous language of the contract. Appellants argue that the contract language stating that the bonus is to be paid "net of all applicable taxes" clearly provides that the amount of the bonus was $6,250 gross.
Where the terms of an existing contract are clear and unambiguous, the court cannot create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander vs. Buckeye Pipeline (1978), 53 Ohio St.2d 241,246. Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument. Id. at paragraph two of the syllabus.
The contract in the instant case is clear and unambiguous: appellee was to be paid a net amount of $6,250. The trial court did not err in interpreting the contract by the plain meaning of the words chosen by the parties.
Appellants argue that the construction placed on the contract by the court results in an absurdity. Appellants argue that this interpretation would mean that the employer must calculate backwards to reach the total gross bonus, a task that is unreasonable. Appellants further argue that the court's interpretation would result in an employee increasing the amount of his bonus, by claiming a larger number of tax deductions for dependents on his W-4 form. Appellants argue that by doing this, the employee could obtain a greater tax refund at the end of the year, thereby effectively increasing his bonus through taxes paid by the employer.
We disagree that the court's interpretation is absurd. The intent of the parties appears to be that the employee receive $6,250 as a bonus, clear of all taxes. The gross amount of the bonus would be subject to reporting for tax purposes, thereby eliminating any increased benefit to be gained by an employee who attempted to increase his number of dependent tax deductions on his W-4 for the sole purpose of attempting to increase the amount of the bonus. Further, there is nothing in the record to suggest that appellee took any such action in the instant case.
The third Assignment of Error is overruled.
 IV.
Appellants argue that the court erred in overruling their motion for relief from judgment pursuant to Civ.R. 60(B). Appellants argue that a question of fact existed regarding the meaning of the term, as no evidence was before the court concerning the meaning of the phrase "net of all applicable taxes" in the particular trade or industry.
This Assignment of Error is without merit. The court need not take parol evidence of general custom or trade usage where the contract is clear and unambiguous.
The fourth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellants.